UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACARDO JACKSON, | No. 2:14-cv-2268 MCE DAD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN OF CALIFORNIA STATE PRISON, SOLANO, | |
| Respondent. | |

Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 26, 2015, this matter came before the court on petitioner's motion for a stay and abeyance. For the reasons stated below, the undersigned will recommend that petitioner's motion for a stay and abeyance be denied.

**BACKGROUND**

On August 26, 2010, petitioner was convicted of second-degree murder with a firearm enhancement in the Solano County Superior Court. As a result, petitioner was sentenced to 55 years to life in state prison. (Pet. at 1.)

On June 16, 2011, petitioner filed a writ of mandate in the California Court of Appeal, which that court denied. The California Supreme Court denied review. On March 19, 2013, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which that

1

1 court also denied.  On June 19, 2013, the California Court of Appeal affirmed petitioner's

2 judgment of conviction on direct review.  On September 11, 2013, the California Supreme Court

3 denied review.  (Pet'r's Mot. for Sty. & Abey. at 2.)

4     In his federal habeas corpus petition, petitioner claims that his constitutional rights were

5 violated at his trial as a result of:  (1) juror misconduct; (2) prejudicial exclusion of the victim's

6 prior violence; (3) prejudicial admission of Officer Shaffer's testimony; (4) error under <u>Doyle v.</u>

7 <u>Ohio</u>; (5) prosecutorial misconduct; and (6) cumulative error under <u>Chapman v. California</u>.  (Pet.

8 & Statement of Grounds/Brief in Support.)  The parties do not dispute that all but a sub-claim of

9 petitioner's second claim for relief are unexhausted.

10 **DISCUSSION**

11     In petitioner's motion for a stay and abeyance, counsel for petitioner seeks a stay of this

12 action under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  Specifically, petitioner contends that "the

13 ineffective assistance of his counsel for the Writ of Habeas Corpus filed on March 19, 2013 and

14 the direct appeal give good cause for the court to stay the Habeas petition and allow Petitioner to

15 return to state court to fully exhaust his claims."  (Pet'r's Mot. for Sty. & Abey. at 4.)

16     Petitioner has fallen far short of showing the requisite "good cause" for a stay of this

17 action.  See <u>Blake v. Baker</u>, 745 F.3d 977 (9th Cir. 2014).  In <u>Blake</u>, a habeas petitioner had filed

18 a motion for a stay and abeyance under <u>Rhines</u> to exhaust an ineffective assistance of counsel

19 claim based on his trial counsel's alleged failure to discover and present evidence of petitioner's

20 abusive upbringing and history of mental illness.  <u>Id.</u> at 979.  Petitioner argued that he had good

21 cause for failing to exhaust the ineffective assistance claim because he had received ineffective

22 assistance of counsel during his state post-conviction proceedings.  <u>Id.</u>  Specifically, petitioner

23 argued that his state post-conviction counsel failed to discover the same evidence of abuse and

24 mental illness underlying his ineffective assistance of trial counsel claim.  <u>Id.</u>

25     In that context, the Ninth Circuit held:

26 > The good cause element is the equitable component of the <u>Rhines</u>
> test.  It ensures that a stay and abeyance is available only to those
27 > petitioners who have a legitimate reason for failing to exhaust a
> claim in state court.  As such, good cause turns on whether the
28 > petitioner can set forth a reasonable excuse, supported by sufficient

2

> evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

Blake, 745 F.3d at 982.

The Ninth Circuit determined that the petitioner in Blake had submitted sufficient evidence to support his argument that he received ineffective assistance of counsel during his state post-conviction proceedings. Blake, 745 F.3d at 982-83. Specifically, petitioner's federal post-conviction counsel had compiled evidence of petitioner's abusive upbringing and history of mental illness, including a declaration from a private investigator and thirteen declarations from petitioner's family and friends. Id. The Ninth Circuit concluded that the district court had abused its discretion when it found that petitioner had failed to establish good cause because petitioner's showing "was not a bare allegation of state post-conviction IAC, but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the reasonably available evidence of Blake's upbringing and compromised mental condition." Id. at 983.

In this case, petitioner has not established "good cause" for failing to exhaust his claims prior to presenting them in federal court. Petitioner has not submitted any evidence in support of his contention that he received ineffective assistance of counsel on direct appeal or during his state post-conviction proceedings. As the Ninth Circuit made clear in Blake, a "bald assertion" does not amount to a showing of good cause. Blake, 745 F.3d at 982. Compare Nogueda v. California, No. 2:14-cv-1045 GGH P, 2014 WL 5473548 at *2 (E.D. Cal. Oct. 23, 2014) ("petitioner has failed to demonstrate that he qualifies for a stay because he has failed to support his request as required in Blake (i.e., there is no documentation – as opposed to oral assertions – showing that he discussed these claims with trial and/or appellate counsel and was ignored)"); Lisea v. Sherman, No. 2:14-cv-1766 CKD P, 2014 WL 4418632 at *3 (E.D. Cal. Sept. 8, 2014) (denying a motion for a stay and abeyance because the petitioner supplied no evidence in support of his contention that appellate counsel was ineffective for failing to raise certain claims); Davis v. Biter, No. 12-cv-3001 BEN (BLM), 2014 WL 2894975 at *8 (S.D. Cal. June 25, 2014) (denying a motion for a stay and abeyance because the petitioner had not presented any evidence

to support his good cause argument), with Cruz v. Mitchell, No. 13-cv-02792 JST, 2015 WL 78779 at *3 (N.D. Cal Jan. 5, 2015) (petitioner's showing of ineffective assistance of counsel met the good cause requirement because he supported his argument with juror questionnaires, declarations from prior counsel, and trial transcripts); Ramos v. Chappell, No. C 05-3752 SI, 2014 WL 6065660 at *3 (N.D. Cal. Nov. 12, 2014) (petitioner established good cause by advancing a reasonable excuse, supported by evidence – including a declaration from his post-conviction counsel who admitted that it was not a strategic choice to fail to attempt to contact trial counsel, obtain independent psychological evaluator, and so on – to justify his failure to exhaust).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for a stay and abeyance (Doc. No. 13) be denied.[1]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2015

DAD:9
jack2268.styd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[1] Prior to the hearing on this motion for stay and abeyance, petitioner's counsel indicated that he intended to move to withdraw and to seek appointment of counsel on petitioner's behalf. (ECF No. 18.)  At the hearing on the motion for stay and abeyance, the undersigned directed counsel for petitioner to file that motion immediately.  Nonetheless, counsel for petitioner has still not done so.  Counsel for petitioner is now directed to file his motion to withdraw within seven days of the service of this order.  As indicated at the June 26, 2014, hearing the undersigned is inclined, though somewhat reluctantly for the reasons expressed on the record, to grant such a motion and to appoint counsel on behalf of petitioner.

4