UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACARDO JACKSON,<br><br>               Petitioner,<br><br>   v.<br><br>WARDEN, CSP-SOLANO,<br><br>               Respondent. | No.  2:14-cv-2268 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Before the court is petitioner's motion to stay these proceedings pending the exhaustion of state remedies.  For the reasons set forth below, this court recommends petitioner's motion for stay be granted.

**BACKGROUND**

On August 26, 2010, a jury found petitioner guilty of second degree murder and found true that petitioner personally discharged a firearm.  (June 19, 2013 Op. of the Ct. of Appeal in People v. Jackson, No. A132659, Ex. A to Am. Pet. (ECF No. 35-1 at 2).)  Petitioner was represented at trial by attorney Meenha Lee.  (June 15, 2016 Decl. of Racardo Jackson ("Jackson Decl."), ¶ 2 (ECF No. 35 at 62).)  The court appointed attorney David McNeil Morse for petitioner's appeal.  (Id. ¶ 7.)

////

Appointed counsel raised three issues on appeal: (1) erroneous exclusion of evidence of the victim's bad acts, (2) erroneous exclusion of testimony regarding the victim's prior crimes, and (3) erroneous admission of testimony of a police officer as an expert. The Court of Appeal permitted petitioner, acting in pro per, to file a supplemental brief. Therein, petitioner raised the following additional claims: (1) jury misconduct, (2) prosecutorial misconduct, (3) improper admission of petitioner's post-arrest statements, and (4) prosecutor's improper comment on petitioner's silence. (ECF No. 35-1 at 1-2.)

On June 19, 2013, the Court of Appeal affirmed the judgment in all respects. (Id. at 45.) Petitioner, through appointed counsel Morris, filed a timely petition for review raising two issues: (1) erroneous exclusion of evidence of victim's prior violent conduct, and (2) erroneous exclusion of testimony concerning the victim's prior criminal history. (Ex. D to Am. Pet. (ECF No. 35-4).) The California Supreme Court denied review on September 11, 2013. (Id. at 23.)

Petitioner, apparently acting in pro per, filed a petition for writ of habeas corpus in the California Court of Appeal on March 19, 2013. (Ex. E to Am. Pet. (ECF No. 35-5).) Therein, petitioner made one claim alleging jury misconduct. The Court of Appeal denied the petition on June 19, 2013. (Id. at 16.)

On September 29, 2014, petitioner filed a petition with this court under § 2254 through his counsel Joel Chan. (ECF No. 1.) Therein, petitioner raised the following six claims: (1) jury misconduct, (2) erroneous exclusion of evidence of the victim's prior violence, (3) erroneous admission of testimony of a police officer as an expert, (4) erroneous admission of petitioner's post-arrest statements under Doyle v. Ohio, 426 U.S. 610 (1976), (5) prosecutorial misconduct, and (6) cumulative error.

On December 5, 2014, respondent moved to dismiss the petition for failure to exhaust all but one claim in the petition. (ECF No. 8.) Shortly after argument on respondent's motion to dismiss, petitioner, through attorney Chan, moved to stay these proceedings under Rhines v. Weber, 544 U.S. 269 (2005) to permit him to exhaust his state remedies. (ECF No. 13.) Petitioner argued that the ineffective assistance of appellate counsel and of counsel in his state habeas established good cause for the stay. The court denied the motion for a stay based on

1  petitioner's failure to establish good cause. (ECF Nos. 21, 22.) Specifically, the court held that
2  petitioner's bare-bones allegation of ineffective assistance of appellate and state habeas counsel
3  was insufficient. (See ECF No. 21 at 3.)
4      On August 30, 2015, attorney Chan moved to withdraw as petitioner's attorney. (ECF
5  No. 23.) Mr. Chan stated that he was serving as petitioner's counsel on a pro bono basis and that
6  the scope of this action exceeded both his agreement with petitioner and his "abilities as a young
7  attorney." (ECF No. 23-1.)
8      On September 18, 2015, the court granted the motion to withdraw, appointed the Federal
9  Defender as counsel for petitioner, and denied the motion to dismiss without prejudice to its
10 renewal. (ECF No. 26.) On October 9, 2015, the court approved the Federal Defender's request
11 to substitute attorney Michael Bigelow as counsel for petitioner. (ECF No. 28.)
12     On June 20, 2016, petitioner, acting through attorney Bigelow, filed a petition for a writ of
13 habeas corpus in the Solano County Superior Court. (Ex. A to Mot. for Stay (ECF No. 36 at 11-
14 25).)
15     On July 21, 2016, petitioner, acting through attorney Bigelow, filed a first amended
16 petition in this action. (ECF No. 35.) At the same time, petitioner filed the present motion to stay
17 these proceedings under Rhines to permit petitioner to exhaust his state remedies. (ECF No. 36.)

**MOTION FOR STAY**

19     Petitioner states that three of the four claims in his amended federal petition are not
20 exhausted. (See ECF No. 36 at 9.) He argues that the ineffective assistance of his appellate and
21 state habeas attorneys demonstrates good cause for a stay of these proceedings under Rhines v.
22 Weber, 544 U.S. 269 (2005), to permit him to exhaust. (ECF No. 36.) Respondent opposes the
23 motion. (ECF No. 37.) Respondent argues petitioner has failed to make a sufficient showing of
24 ineffective assistance of counsel to justify a Rhines stay.

25     **I.**    **Legal Standards**
26     Under Rhines, a district court may stay a petition containing exhausted and unexhausted
27 claims if the following conditions are met: (1) "the petitioner had good cause for his failure to
28 exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication

that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).

However, in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Id. at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In Blake, a habeas petitioner had filed a motion for a stay and abeyance under Rhines to exhaust an ineffective assistance of counsel claim based on his trial counsel's alleged failure to discover and present evidence of petitioner's abusive upbringing and history of mental illness. Id. at 979. The petitioner argued that he had good cause for failing to exhaust the ineffective assistance claim because he had received ineffective assistance of counsel during his state post-conviction proceedings. Id. Specifically, the petitioner argued that his state post-conviction counsel failed to discover the same evidence of abuse and mental illness underlying his ineffective assistance of trial counsel claim. Id.

In that context, the Ninth Circuit held:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

Blake, 745 F.3d at 982.

The Ninth Circuit determined that the petitioner in Blake had submitted sufficient evidence to support his argument that he received ineffective assistance of counsel during his state post-conviction proceedings. Blake, 745 F.3d at 982-83. Specifically, the petitioner's federal post-conviction counsel had compiled evidence of petitioner's abusive upbringing and history of mental illness, including a declaration from a private investigator and thirteen declarations from petitioner's family and friends. Id. The Ninth Circuit concluded that the district court had abused its discretion when it found that petitioner had failed to establish good cause because petitioner's showing "was not a bare allegation of state post-conviction IAC, but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the reasonably available evidence of Blake's upbringing and compromised mental condition." Id. at 983.

////

////

## II. Analysis

### A. Good Cause for Failure to Exhaust

The first factor in the Rhines analysis is whether petitioner has demonstrated good cause for his failure to raise his unexhausted claims in state court. Petitioner contends the constitutionally ineffective failure of his appellate and habeas attorneys to exhaust his unexhausted claims amounts to good cause.

Pursuant to Blake, petitioner must set out a "concrete and reasonable" excuse that is supported by evidence. 745 F.3d at 983. This court finds petitioner has done so.

Petitioner focuses primarily on state counsel's failure to raise his claims that the trial court erred in allowing the admission of petitioner's post-arrest statements after he asked for an attorney and in admitting evidence of petitioner's post-arrest silence. In his amended petition, petitioner shows that during a post-arrest interview, petitioner asked for a lawyer, questioning continued, and petitioner at one point asked, "what if it's just manslaughter." (Am. Pet. (ECF No. 35) at 19-20.) During her cross-examination of petitioner and in closing argument, the prosecutor repeatedly brought up the fact that not once during his post-arrest interviews did petitioner explain to the police detective that he shot the victim in self-defense. (Id. at 22-24.) Self-defense was petitioner's defense at trial.

In the amended petition, petitioner argues his Miranda rights were violated when questioning did not cease upon his request for an attorney. (Id. at 24-27.) In addition, he argues the prosecutor's questions and argument about the absence of any post-arrest statement by petitioner that he acted in self-defense violated his rights under Doyle. (Id. at 28-35.) In Doyle, the Court held that use at trial of a defendant's post-arrest, post-Miranda silence is impermissible. Doyle v. Ohio, 426 U.S. 610 (1976).

Also in the amended petition, petitioner argues his appellate counsel was ineffective for failing to raise this Miranda and Doyle claim, in addition to the other two unexhausted claims raised herein. Petitioner simply states there was no reason for appellate counsel's failure to raise these claims in the appeal and in the petition for review before the California Supreme Court. (ECF No. 35 at 43-44.)

6

1    The court finds petitioner has adequately shown ineffective assistance of appellate counsel for
2    purposes of a Rhines stay.  Petitioner has made a well-argued claim of Miranda and Doyle error
3    in his amended petition that he supports with citations to transcripts of his post-arrest interview
4    and his trial.  His appellate attorney did not include that claim in the appellate brief he drafted.  It
5    was, however, included to some extent in the brief petitioner filed in pro per, but with the
6    apparent assistance of his trial attorney Lee.  (See Jackson Decl. ¶ 8 (ECF No. 35 at 63).)
7    Therefore, appointed appellate attorney Morse had notice of the claim.  Nonetheless, he failed to
8    raise it in petitioner's petition for review before the California Supreme Court.

9    Respondent does not refer to the amended petition when he argues that petitioner has failed to
10   do more than allege ineffective assistance of appellate counsel.  In an attempt to show petitioner
11   could have done more, respondent points out that petitioner has not shown he ever sought a
12   statement from appellate counsel concerning why he did not raise the Miranda and Doyle claim in
13   the appeal or petition for review.  However, petitioner is not required to provide a declaration of
14   the very attorney he contends was constitutionally ineffective.  See Davis v. Davis, No. C-13-
15   0408 EMC, 2015 WL 4512309, at *4 (N.D. Cal. July 24, 2015).

16   Respondent also cites cases establishing that a petitioner's ignorance of the law is not a
17   reasonable excuse under Rhines.  However, this is not a situation, like those in the cases cited by
18   respondent, in which petitioner was proceeding in pro per.  (See ECF No. 37 at 2.)  Petitioner in
19   the present case was represented by counsel and has shown that he relied upon assurances by his
20   trial attorney that she would raise any necessary claims for him.  (Jackson Decl. ¶ 10 (ECF No. 35
21   at 63-64).)

22   Respondent's citation to Wooten is also inapplicable.  The Ninth Circuit in Wooten held that
23   petitioner did not show good cause by arguing that he was "under the impression" that his counsel
24   had raised all claims before the state court of appeal.  540 F.3d at 1024.  The court specifically
25   noted that petitioner Wooten did not attempt to establish ineffective assistance of appellate
26   counsel.  Id. at 1024 n.2.

27   To show a Sixth Amendment violation, a petitioner must show counsel acted unreasonably,
28   and that those actions prejudiced him.  See Strickland v. Washington, 466 U.S. 668 (1984).

7

1   Petitioner has made a supported showing that his appellate attorney may have acted unreasonably
2   because he had notice of the Doyle claim and failed to raise that claim before the state's highest
3   court to exhaust it. By alleging a potentially meritorious claim of a violation of Doyle, petitioner
4   has shown he may have been prejudiced by counsel's failure.

5   This court finds petitioner has adequately alleged ineffective assistance of appellate counsel
6   for purposes of a Rhines stay. See Blake, 745 F.3d at 982-83 (showing that state post-conviction
7   counsel failed to conduct any investigation to support his claim of ineffective assistance of trial
8   counsel sufficient to show ineffective assistance of post-conviction counsel for purposes of
9   Rhines); Cruz v. Mitchell, No. 13-cv-2792-JST, 2015 WL 78779 (N.D. Cal. Jan. 5, 2015)
10  (petitioner's showing that current counsel uncovered evidence of jury misconduct that could have
11  been uncovered, and raised, by state habeas counsel is sufficient showing of ineffective assistance
12  of counsel for Rhines stay); Ramos v. Chappell, No. C 05-3752 SI, 2014 WL 6065660 (N.D. Cal.
13  Nov. 12, 2014) (declaration of state post-conviction counsel that he had no strategic reason for
14  failing to raise claims was a "reasonable excuse supported by evidence" and established good
15  cause under Rhines); Rodriguez v. Davey, No. 2:12-cv-2260 TLN GGH P, 2014 WL 5242522
16  (E.D. Cal. Oct. 14, 2014) (showing of ineffective assistance of trial and appellate counsel
17  sufficient to establish good cause under Rhines).

18  Because petitioner has made a sufficient showing of ineffective assistance of appellate
19  counsel, this court need not address petitioner's contention that his state habeas counsel was
20  ineffective as well. This is particularly true here because petitioner's Miranda and Doyle claims
21  appear to be based on the appellate record and, therefore, were proper subjects for petitioner's
22  appeal. See In re Reno, 55 Cal. 4th 428, 483 (2012) (claims based on the appellate record must
23  be raised on appeal; petitioner cannot wait to raise them for the first time on habeas). Nor need
24  the court address whether appellate or state habeas counsel was ineffective for failing to raise the
25  remaining unexhausted claims. To obtain a stay of these proceedings, petitioner need only show
26  he had valid reason for failing to raise one of his claims. Cf., Davis, 2015 WL 4512309, at *4
27  (petitioner need only establish one claim is not plainly meritless to be entitled to a stay under
28  Rhines). Petitioner has met the Rhines good cause standard.

### B. Unexhausted Claim(s) are not Plainly Meritless

Respondent does not address this second Rhines factor. For the reasons set forth in the previous section, this court finds petitioner has shown his claim of Miranda and Doyle error is not plainly meritless.

### C. Petitioner Not Intentionally Dilatory

The final consideration under Rhines is whether petitioner's failure to exhaust reflects intentionally dilatory litigations tactics. Respondent does not argue this point. There is no indication in the record before this court that petitioner failed to exhaust for the purpose of delaying these proceedings. In fact, the record shows petitioner relied on the assurances of attorney Lee that his case was moving forward. (Jackson Decl. ¶¶ 9-13 (ECF No. 35 at 63-64 ).) Accordingly, petitioner has satisfied the three elements of the Rhines test and is entitled to a stay of these proceedings to permit him to exhaust his state court remedies.

For the foregoing reasons, and good cause appearing, IT IS HEREBY RECOMMENDED as follows:

1. Petitioner's motion to stay these proceedings pending exhaustion (ECF No. 36) be granted; and
2. Petitioner be advised that the court expects him to pursue his remaining state court post-conviction remedies without delay and petitioner be ordered to inform this court within thirty days of a decision by the California Supreme Court on his exhaustion petition.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

////

////

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 30, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/jack2268.stay