UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACARDO JACKSON, | No. 2:14-cv-2268 MCE DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARTIN BITER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Presently before the court is respondent's motion for stay of the District Court's order granting petitioner's petition for writ of habeas corpus. (ECF No. 72.) For the reasons set forth below, the court will recommend that the motion be granted.

**I.   Background**

The undersigned issued findings and recommendations on the merits of petitioner's § 2254 petition on June 29, 2020. (ECF No. 59.) Therein, it was recommended that the petition be granted on the bases that: (1) the prosecutor's questions and argument regarding petitioner's post-Miranda silence violated petitioner's Fifth Amendment rights, and (2) petitioner's Sixth Amendment right to the effective assistance of counsel was violated by his trial attorney's failure to object to the prosecutor's questions and argument regarding petitioner's silence. (Id.) The findings and recommendations were adopted on March 18, 2021. (ECF No. 64.) The parties

1

1 stipulated that respondent would release petitioner from custody unless the state commenced
2 retrial proceedings within ninety days. (ECF Nos. 66, 70.) Thereafter, respondent filed a notice
3 of appeal (ECF No. 67) and the instant motion seeking a stay of the order granting the petition
4 (ECF No. 72). Petitioner has filed an opposition (ECF No. 73) and respondent has filed a reply
5 (ECF No. 74).

6 **II. Motion for Stay**

7 Respondent seeks a stay of the district court's March 18, 2021 order granting petitioner's
8 petition for writ of habeas corpus pending resolution of the appeal. (ECF No. 72.) In support of
9 the motion respondent argues: (1) they have a substantial case on the merits because the court's
10 ruling was based on, Hurd v. Terhune, 619 F.3d 1080 (9th Cir. 2010), which respondent argues is
11 no longer valid and/or should be overturned (Id. at 2-6); (2) a stay would prevent the state from
12 having to expend resources that may be rendered moot following the appeal (Id. at 7-9); and (3)
13 petitioner will not suffer injury by the delay (Id. at 9).

14 In the opposition, petitioner argues the state is required to make a strong showing, the
15 court relied on clearly established law in reaching its decision on the merits, and there is no risk to
16 the state if it is forced to retry the case. (ECF No. 73.)

17 In the reply, respondent argues that petitioner has mischaracterized Hurd in the
18 opposition. (ECF No. 74 at 2.) Specifically, respondent disagrees with the characterization that
19 there is a clearly established Supreme Court precedent applicable to the facts of the instant case.
20 (Id. at 3.) Respondent argues that while the findings and recommendations noted this court
21 "found itself 'bound' by Hurd," it should be overturned in light of Supreme Court rulings issued
22 after Hurd was decided. (ECF No. 74 at 2.) Respondent further argues the Ninth Circuit reached
23 its decision in Hurd by "transposing Doyle v. Ohio, 426 U.S. 610 (1976)] into a context the
24 Supreme Court had never addressed." (ECF No. 74 at 4.)

25 **III. Legal Standards**

26 A district court retains jurisdiction over orders regarding a petitioner's release from
27 custody even after an appeal of the grant or denial of habeas relief has been processed. Stein v.
28 Wood, 127 F.3d 1187, 1190 (9th Cir. 1997). There is a presumption of release from custody,

2

however that presumption may be overcome "if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" Hilton v. Braunskill, 481 U.S. 770, 774 (1987) (citing Federal Rules of Appellate Procedure Rule 23(c)).  Additionally, the "district court has broad discretion in conditioning a judgment granting habeas relief, including whether or not to release a prisoner pending appeal." Stein, 127 F.3d at 1190.

The Supreme Court indicated that "general standards governing stay of civil judgments" should guide a court when considering a request for stay. Hilton, 481 U.S. at 776.  In deciding whether to exercise its discretion to grant a stay the court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id.

"Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." Hilton, 481 U.S. at 778.  "Where the State's showing on the merits falls below this level, the preference for release should control." Id.

**IV.  Analysis**

**A.  Likelihood of Success on the Merits**

Respondent argues that the Ninth Circuit's opinion in Hurd v. Terhune, 619 F.3d 1080 (9th Cir. 2010) "is no longer valid and/or should be overturned." (ECF No. 72 at 3.)  Respondent claims that Hurd extended the Supreme Court's holding in Doyle v. Ohio, "far beyond its context." (Id.)  Respondent further argues that this case is distinguishable from Doyle because petitioner did not remain silent after receiving Miranda warnings.  (Id.)

Respondent further argues that the undersigned's reliance on circuit authority in the findings and recommendations indicates that there is lack of clearly established Supreme Court precedent on the subject of selective invocation.  (Id. at 6.)  Respondent claims that they have a strong case for success on the merits regarding the issue of prejudice.  (Id.)

3

Petitioner argues that the selective silence is implicit in the Supreme Court's decisions in Doyle and Miranda v. Arizona, 384 U.S. 436 (1966). (ECF No. 73 at 4-5.) Petitioner further claims it is not reasonable to think the state has any likelihood of success on appeal. (Id. at 7.)

As stated in the June 29, 2020 findings and recommendations, whether petitioner's rights were violated is a close call. (ECF No. 59 at 40.) The findings and recommendations also noted that there is a split of authority regarding proper application of Doyle. (Id. at 28.) Thus, respondent has shown that reasonable jurists may disagree with this court's analysis of petitioner's claim. Accordingly, the undersigned finds respondent has a substantial case on the merits.

### B. Irreparable Injury to the State

Respondent argues that absent a stay, the state would have to retry petitioner during the pendency of the appeal. (ECF No. 72 at 7.) Respondent claims that due to the amount of time that has passed it may be difficult to locate witnesses and evidence. (Id.) Additionally, absent a stay, the state would be required to release petitioner if retrial proceedings cannot be commenced within ninety days. (Id.)

Petitioner argues that he is in custody based on an unconstitutional conviction, retrial is not certain, and it is likely the case will ultimately resolve far short of the sentence petitioner is presently serving. (ECF No. 73 at 8.)

Retrial would require substantial effort and use of public resources to contact witnesses and evidence potentially before the court of appeals reaches a final decision. See Franklin v. Duncan, 891 F. Supp. 516, 521 (N.D. Cal. 1995) (finding issuance of a stay of retrial would "provide the State the opportunity to appeal without either side being forced to go through trial in the meantime."). Accordingly, this factor weighs in favor of a stay.

### C. Substantial Injury to Petitioner

Respondent argues that petitioner will not suffer an injury if he is not retried within ninety days because his interest in being released, only slightly weighs in favor of release. (ECF No. 72 at 9.)

////

Petitioner argues that he should not remain in custody based on a conviction found to have been obtained in violation of his constitutional rights. (ECF No. 73 at 8-9.) Petitioner further argues that the state has not explained how the state's interest in continued custody and rehabilitation outweighs petitioner's interest in release. (Id. at 9.) However, petitioner has not proffered any facts that he is not a flight risk.

"Unlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State. Although the decision of a district court granting habeas relief will have been held that the judgment of conviction is constitutionally infirm, that determination itself may be overturned on appeal before the State must retry petitioner." Hilton, 481 U.S. at 779. The court finds that this factor weighs slightly in favor of release because this court has determined that petitioner's conviction was obtained in violation of his constitutional rights. Sifuentes v. Brazelton, No. C 09-2902 PJH, 2014 WL 186867 at *2 (N.D. Cal. Jan. 16, 2014) ("A successful habeas petitioner's interest in release pending appeal, and the substantial harm from remaining in custody, weighs against granting a stay, but not heavily so.").

### D. Public Interest

"The public interest favors a stay of retrial in that a possibly unnecessary retrial, with two verdicts, could contribute to a burden on the participants in the trial and a lack of public confidence in the judicial system." Franklin, 891 F. Supp. at 521. As part of the public interest analysis, it is also appropriate to consider danger to the public, risk of flight, and the state's interest in continuing custody and rehabilitation in determining whether to release a successful habeas petitioner pending appeal. Hilton, 481 U.S. at 778.

Respondent argues that petitioner has six prior felony convictions, has served three prior prisoner terms, was on parole at the time of the underlying offense, has been incarcerated for a significant portion of his adult life, and has forty-four years to life remaining on his sentence. (ECF No. 72 at 7-8.) In response petitioner argues that the state has not made a sufficient showing that petitioner is a flight risk or danger to the community. (ECF No. 73 at 8.)

////

In light of petitioner's criminal history, the length of time remaining on his sentence, and the possibility of an unnecessary retrial, the undersigned finds that the public interest weighs in favor of the imposition of a stay. Three of the four factors weigh in favor of imposition of a stay pending appeal. Accordingly, the undersigned will recommend that respondent's motion for stay be granted.

## V.     Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that respondent's motion for stay pending appeal (ECF No. 72) be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/jack2268.stay